UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JHOAN JOSE CHACON YAJURE (A-232-610-867),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br>Respondent. | No. 1:26-cv-8236 CSK<br><br>ORDER |

Petitioner Jhoan Jose Chacon Yajure, (A-232-610-867), a citizen and native of Venezuela, entered the United States on or about August 22, 2022, and filed pro se a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner was granted a B2 visitor for pleasure visa which expired on February 21, 2023. On August 12, 2026, petitioner was convicted of felony theft. In September 2026, while in the Utah County Jail, petitioner was taken into custody by Immigration and Customs Enforcement ("ICE") and detained. This habeas action concerns petitioner's detention. For the reasons that follow, the Court denies the petition for a writ of habeas corpus.

[1] The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 9.)

# I. FACTUAL BACKGROUND[2]

Petitioner is a 25-year-old citizen and native of Venezuela. (ECF No. 1 at 1.) On or about August 22, 2022, petitioner entered the United States on a tourist visa. (Id.) According to immigration records, petitioner was authorized to remain in the United States until February 21, 2023. (ECF No. 7 at 8.) On January 30, 2026, petitioner was charged with second degree felony theft in violation of Utah Code Ann. § 76-6-404(2). (Id. at 17-18.) On August 12, 2026, the Utah court accepted petitioner's guilty plea to second degree felony theft. (Id. at 19-30.) Petitioner was sentenced to an indeterminate term of not less than one year nor more than 15 years in the Utah State Prison; 30 days of work diversion; a suspended fine of $10,000; $23,319.6 in restitution, including interest, 24 months of supervised probation; and was ordered to complete a theft reform course. (Id. at 32-34.)

It appears petitioner was charged with removability pursuant to Section 236 of the Immigration and Nationality Act (8 U.S.C. § 1226).[3] (Id. at 2; see also id. at 50, 52.)

Petitioner was granted employment authorization until November 23, 2028. (Id. at 8.)

In September 2026, while he was held in the Utah County Jail, petitioner was taken into ICE custody on an administrative arrest warrant, and has been in continuous detention since then.[4] (ECF No. 1 at 1; ECF No. 7 at 50.) On September 17, 2026, a supervisory detention and deportation officer determined petitioner would be detained by the Department of Homeland Security, and petitioner requested an immigration judge review that custody determination. (Id. at 52.)

---

[2] Petitioner filed a verified habeas petition. (ECF No. 1 at 3.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

[3] Respondent claims petitioner was charged with removability by Notice to Appear, citing "Ex. E (NTA)." (ECF No. 7 at 2.) However, respondent's Exhibit E is the Notice of Custody Determination (id. at 52), which respondent cites as his Exhibit F. (Id. at 2.) No Exhibit F was provided. (Id. at 52-53.) No Notice to Appear was provided. (See id. at 6-53.)

[4] Petitioner claims he has been detained by ICE "since approximately September 14, 2026." (ECF No. 1 at 1.) Respondent claims that on September 15, 2026, immigration authorities encountered petitioner at the Utah County Jail, and following issuance of an arrest warrant, petitioner was taken into ICE custody on September 17, 2026. (ECF No. 7 at 2.) This Court need not resolve any dispute regarding the date petitioner was detained by ICE because the exact date of petitioner's detention does not affect the analysis of the motion to dismiss.

## II. PROCEDURAL BACKGROUND

On October 7, 2026, petitioner filed the petition for writ of habeas corpus. (ECF No. 1.) On October 8, 2026, the district judge ordered that respondent shall not remove or transfer petitioner out of this district while his petition is pending and referred this matter to the assigned magistrate judge. (ECF No. 4.) On October 19, 2026, respondent timely filed a motion to dismiss. (ECF No. 7.) On October 28, 2026, petitioner filed an opposition. (ECF No. 10.) Respondent did not file a reply. Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

///

///

## IV. DISCUSSION

Petitioner challenges the statutory authority under which he is detained, and claims that his continued detention without an individualized custody determination violates the Fifth Amendment due process clause. (ECF No. 1 at 2.) Respondent argues that petitioner is lawfully detained pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c)(1)(E) and contends that petitioner has not sought a hearing before an immigration judge pursuant to Matter of Joseph, 22 I & N Dec. 799 (BIA 1999) (also known as a "Joseph hearing"). (ECF No. 7 at 1, 3-4.) Respondent further argues that petitioner's detention is facially constitutional. (Id. at 4.)

### A. Statutory Claim

Petitioner contends he is detained under 8 U.S.C. § 1226 and asks that respondent "identify the statutory authority relied upon for [petitioner's] detention. (ECF No. 1 at 2.) But petitioner does not address his criminal conviction.[5] (ECF No. 1.) Respondent argues that petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(E) based on petitioner's conviction for felony theft and petitioner is lawfully detained while his removal proceedings are pending. (ECF No. 7 at 3.)

Section 1226 carves out a statutory category of noncitizens who, despite being arrested while already in the country, may not be released because of their criminal or terrorist activities. 8 U.S.C. § 1226(c). In January 2025, the Laken Riley Act amended § 1226(c) to add a new category of noncitizens ineligible for release under § 1226(a), including noncitizens deemed "inadmissible" for being "present in the United States without being admitted or paroled," who are "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]" 8 U.S.C. § 1226(c)(1)(E)(i), (ii). Section 1226(c)(1)(E) mandates detention of

---

[5] Instead, the petition states: "The precise criminal charge is not presently known to petitioner's family. Petitioner does not rely on the criminal matter as the basis for this habeas petition and requests that any criminal proceedings be treated separately from the federal immigration detention challenged here," and "does not seek to litigate the merits of any criminal case in this action." (ECF No. 1 at 2.) This Court has no jurisdiction to address petitioner's criminal case, but petitioner's criminal history is relevant to immigration proceedings.

any noncitizen who meets two requirements: (i) the noncitizen is inadmissible under 8 U.S.C. §§ 1182(a)(6)(A), 1182(a)(6)(C), or 1182(a)(7); and (ii) the noncitizen "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E).

For the purposes of determining this habeas petition, this Court finds that petitioner is subject to mandatory detention under § 1226(c)(1)(E) based on his 2026 conviction for second degree felony theft. While petitioner has no statutory right to a bond hearing, respondent also contends that petitioner may challenge his detention under § 1226(c) by requesting a Joseph hearing, which he has not done. (ECF No. 7 at 4.)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted).

Under the circumstances of this case, this Court finds that petitioner should not be excused

from exhausting administrative remedies. See Buckley v. Chestnut, 2026 WL 1030931, at *2-4 (E.D. Cal. Apr. 16, 2026) (court declined to waive the prudential exhaustion requirements because petitioner's appeal of his Matter of Jospeh hearing was pending). At a Joseph hearing, petitioner "may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." See Demore v. Kim, 538 U.S. 510, 514 n.3 (2003) (citing 8 C.F.R. § 3.19(h)(2)(ii) (2002)). The Joseph hearing process enables petitioner to challenge his mandatory detention under § 1226(c), and the immigration court has the expertise necessary to develop the record and reach a proper decision. Relaxing the exhaustion requirement under these circumstances would encourage others to bypass the administrative exhaustion process. Finally, in this case administrative review is likely to allow the agency to correct its own mistakes and thus avoid the need for judicial review.

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). In his reply, petitioner does not claim he sought a Joseph hearing and does not address his criminal history. (See ECF No. 10.) It is unclear why petitioner did not address these issues.[6] Therefore, this Court finds that petitioner's claim challenging his detention, which is mandatory under § 1226(c), should be denied without prejudice based on petitioner's failure to exhaust administrative remedies.

**B. Due Process Claim**

Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing." Avilez v. Garland, 69 F.4th 525, 529 (9th

[6] Respondent's motion to dismiss clearly argues that petitioner is detained under § 1226(c) based on his criminal conviction. (ECF No. 7 at 3.) But in his reply, petitioner writes: "If respondent relies on 8 U.S.C. § 1226(a), the Court should consider the text of that provision and the circumstances of petitioner's pending immigration proceedings. If respondent relies on another statute, the Court should apply that statute and controlling authority." (ECF No. 10 at 1-2.) Petitioner does not address § 1226(c). (See ECF No. 10.)

Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2018). This does not end the inquiry, however, because petitioner has raised a due process claim.

While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-0611 JLT SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178,

at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, et al., No. 1:26-cv-1192 DJC CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). On October 7, 2026, when the petition was filed, petitioner had been detained less than a month, and by the time he filed his reply on October 28, 2026, he had been detained less than a month and a half. Petitioner has been detained for less than two months at the time this order is filed.

Because petitioner has been detained less than two months, this Court finds that petitioner does not yet have a protected liberty interest in freedom from detention. Courts finding protected liberty interests in freedom from detention have based their findings on detention longer than six months. See Pacheco v. Warden, 2026 WL 1067486, at *4 (E.D. Cal. Apr. 17, 2026), findings and recommendations adopted, 2026 WL 1169236 (E.D. Cal. Apr. 28, 2026) (finding petitioner detained for over one year pursuant to §1226(c) had protected liberty interest); Lopez v. Warden, 2026 WL 834573, at * 3 (E.D. Cal. Mar. 26, 2026) (finding petitioner detained for over ten

months pursuant to § 1226(c) had protected liberty interest); Palencia v. Warden, 2026 WL 818580, at *3 (E.D. Cal. Mar. 25, 2026), findings and recommendations adopted, 2026 WL 939469 (E.D. Cal. Apr. 7, 2026) (finding petitioner detained for over eight months pursuant to § 1226(c) had protected liberty interest); Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months). Because petitioner has not demonstrated a liberty interest based on his detention, the petition for writ of habeas corpus should be denied. See Rakeshkumar H.P. v. Warden, 2026 WL 1146201, at *1-2 (E.D. Cal. Apr. 28, 2026) (finding no liberty interest where petitioner detained for a little over two months pursuant to § 1226(c)).

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 7) is GRANTED.
2. The petition for writ of habeas corpus (ECF No. 1) is DENIED.
3. The Clerk of the Court is directed to enter judgment in favor of respondent and close this case.

Dated: November 9, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/yaju8236.mtd.2241.imm